UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

PHISH, INC.,

                  Plaintiff,

vs.

THOMAS MICHAEL MATEROZZI, TERRY J.
O'BRIEN, STEPHANIE ELIZABETH PYNE,
JOHN WALTER RUTLAND IV, JONATHAN
PHILLIP ROBERT, JOANNA POSTLETHWAITE,
CASSIDY WASHBURN, DAVID WARRINGTON,
JOHN T. ADAWON, MATTHEW J. GIRARD,
HEATHER BARLIN, TODD R. DOERR, JAMES D.
GILLESPIE, MARIEAM SHOHADER, JAMES H.
GRIFFIN, LAUREN A. KING, JEFFREY D.
KENSINOE, LAURA K. CROUCH, MIKE SIMMONS
WILLIAM J. FINSEL III, DANIEL ZEDONEK,
MICHAEL J. KENNEDY, DAWN STEWART, DAVID
J. PETERSON, THOMAS S. MCKAUGHEN, JEFFREY
D. GATES, ERIC DOOLEY, HOLLEY E. STAMEY,
ANNA DZVONIK, JASON S. FLAGER, ROBERT
BELL, DANIEL E. BASS, SIDNEY IZAKSON
VARIOUS JOHN DOES, JANE DOES
AND XYZ COMPANIES,

                  Defendants.
-------------------------------------------------------------------X

Civil Action
No. 09 Civ. 2297 (ADS)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★  OCT 1 2009  ★
LONG ISLAND OFFICE

## **AMENDED PRELIMINARY INJUNCTION**

Plaintiff, Phish Inc., having applied *ex parte* against unknown individuals and entities for a temporary restraining order, order permitting civil seizure and order to show cause for preliminary injunction, and the Court having granted the requested relief by Order dated June 2, 2009 (the "Order"), and Plaintiff having served the Summons and Complaint on the defendants named above, and Plaintiff having seized Counterfeit Merchandise (as defined in the Order and

below) from said defendants as well as from other unidentified parties who have refused to accept service of process or to identify themselves to Plaintiff (hereinafter collectively the "Defendants"), and, pursuant to the Order, a hearing having been held before the Honorable Arthur D. Spatt, United States District Judge, on June 22, 2009, and Plaintiff having appeared through counsel and there being no filings or appearances in opposition by Defendants or any other interested party, the Court having issued a Preliminary Injunction, which, along with the Summons and Complaint having been served upon additional defendants also named above, and no person having filed or served objections to the Preliminary Injunction pursuant to the procedures set forth therein, and

Upon consideration of Plaintiff's motion, the memorandum of law and declarations submitted in support thereof, and all proceedings herein, the Court finds that Defendants have offered for sale and sold Counterfeit Merchandise and will, unless restrained by this Court, continue to carry out such activities, and there are additional as yet unidentified Defendants who, unless restrained by this Court, will distribute and sell the Counterfeit Merchandise, causing irreparable harm to Plaintiff.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Defendants, and any persons acting in concert or participation with them, or any of them, who receives actual notice of this order by personal service or otherwise, are preliminarily enjoined and restrained, during the pendency of this action, from:

(a) manufacturing, distributing, offering or holding for sale, or selling the Counterfeit Merchandise, consisting of any clothing, jewelry, photographs, posters, recordings and other merchandise bearing, without authorization, the trademarks, service marks, likenesses, images, tradenames or tour logos, or any colorable imitations thereof of the musical group known as

PHISH and each of its individual members TREY ANASTASIO, MIKE GORDON, JON FISHMAN, and PAGE MCCONNELL and their federally registered marks: PHISH FOOD, U.S. Registration Number 2173816; PHISH, U.S. Reg. No. 2096010; PHISH, U.S. Reg. No. 2029049; PHISH, U.S. Reg. No. 2029048; PHISH, U.S. Reg. No. 1917861; PHISH, U.S. Reg. No. 1782981; and PHISH and Design, U.S. Reg. No. 1930480; OYSTERHEAD, U.S. Reg. No. 2662635; GAMEHENDGE, U.S. Reg. No. 2048310; GAMEHENDGE, U.S. Reg. No. 2053513; WATERWHEEL, U.S. Reg. No. 2247438; and VIDA BLUE, U.S. Reg. No. 2842286 (collectively, the "Plaintiff's Marks");

(b) using the Plaintiff's Marks in any other manner likely to cause confusion, mistake or deception as to the source, sponsorship, endorsement or affiliation of any merchandise; or

(c) aiding, abetting, encouraging or inducing others to perform or engage in any of the acts enjoined by this preliminary injunction;

AND IT IS FURTHER ORDERED that the United States Marshall or other federal, state or local law enforcement officers, or off-duty officers for any district in which Plaintiff enforces this order, assisted by one or more attorneys or agents of Plaintiff, are hereby authorized to seize and impound any and all Counterfeit Merchandise which Defendants sell, offer for sale or are holding for sale, including from any bag, carton, container, vehicle, or other means of carriage in which the Counterfeit Merchandise is found from ten (10) hours before to six (6) hours after and within a twenty (20) mile radius of any performance by PHISH on the dates and at the venues set forth below at which PHISH shall be performing:

| | |
|---|---|
| October 30 - November 1, 2009 | Empire Polo Club, Indio, CA |
| November 18, 2009 | Cobo Arena, Detroit, MI |
| November 20 – 21, 2009 | U.S. Bank Arena, Cincinnati, OH |

| | |
|---|---|
| November 22, 2009 | War Memorial at Oncenter, Syracuse, NY |
| November 24 – 25, 2009 | Wachovia Center, Philadelphia, PA |
| November 27 – 28, 2009 | Times Union Center, Albany, NY |
| November 29, 2009 | Cumberland County Civic Center, Portland, ME |
| December 2 - 4, 2009 | Madison Square Garden, New York, NY |
| December 5, 2009 | John Paul Jones Arena, Charlottesville, VA |

AND IT IS FURTHER ORDERED that the bond in the amount of $25,000, previously posted by Plaintiff, is hereby continued until further order of this Court, to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

AND IT IS FURTHER ORDERED that service of a copy of this preliminary injunction together with the summons and complaint in this action be made upon the Defendants at the time the seizure provided herein is effected and that such service shall be deemed good and sufficient, provided that a complete set of all moving papers previously submitted in support of the Order shall be promptly served upon any defendant or counsel requesting same;

AND IT IS FURTHER ORDERED that a receipt shall be offered to each person from whom Counterfeit Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Counterfeit Merchandise seized, which shall be maintained in a secure location pending further order of this Court;

AND IT IS FURTHER ORDERED that Plaintiff shall promptly mail a copy of this preliminary injunction to each Defendant previously served with the Order who provided a mailing address, and Plaintiff shall promptly name as a Defendant in this action any additional

4

person subsequently served with this preliminary injunction who provides identifying information;

AND IT IS FURTHER ORDERED that any person who is hereafter served with a copy of this preliminary injunction who objects to the provisions hereof may submit his or her objections to this Court by answer to the complaint or otherwise moving for relief from this Court pursuant to the Federal Rules of Civil Procedure and the rules of this Court, but no such objection shall serve to suspend this preliminary injunction or stay the terms herein unless otherwise so ordered by this Court.

IT IS SO ORDERED.

Dated: __Oct 19__, 2009

_____
UNITED STATES DISTRICT JUDGE

Presented by:

Jeffrey L. Laytin
Richard B. Verner
SCHIFF HARDIN, LLP
900 Third Avenue
23rd Floor
New York, New York 10022

NY\50672419.1

5